UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS BODNAR, | No. 2:22-cv-1533 AC P |
| Plaintiff, | |
| v. | ORDER |
| STEPHANIE CLENDENIN, et al., | |
| Defendants. | |

Plaintiff, a civilly committed individual proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

I.  Application to Proceed In Forma Pauperis

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  ECF No. 2.  Accordingly, the request to proceed in forma pauperis will be granted.

II.  Statutory Screening

The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2).

////

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss IFP claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

III. <u>Complaint</u>

Before the court could screen the original complaint, plaintiff filed a first amended complaint. ECF No. 5. He later filed a motion to amend (ECF No. 6) and proposed second amended complaint (ECF No. 7). The motion to amend will be granted, and the court will proceed with screening the second amended complaint.

The second amended complaint alleges that defendants Clendenin, Director of the Department of State Hospitals (DSH); Price, Executive Director of Coalinga State Hospital (Coalinga); and Newsom, Governor of California, have been violating plaintiff's rights under the First and Fourteenth Amendments since 2018, when he began his confinement at Coalinga as a civil detainee under the Sexually Violent Predator Act (SVPA). ECF No. 7. Specifically, plaintiff claims that Price violated his First Amendment rights when he suspended Protestant church services in March 2020, Clendenin and Price have violated his Fourteenth Amendment rights by denying him property and services within Coalinga and failing to provide curative treatment, and Newsom has violated his Fourteenth Amendment rights by failing to provide adequate oversight over DSH and Coalinga and by failing to implement the same rehabilitative programs for civil detainees as those implemented for prisoners. <u>Id.</u> at 3-17. Plaintiff seeks damages and injunctive relief. <u>Id.</u> at 17-18.

IV. <u>Claims for Which a Response Will Be Required</u>

A. <u>Conditions of Confinement</u>

"Under the Due Process Clause of the Fourteenth Amendment, an individual detained under civil process . . . cannot be subjected to conditions that amount to punishment." <u>King v. County of Los Angeles</u>, 885 F.3d 548, 556-57 (9th Cir. 2018) (alteration in original) (internal quotation marks omitted) (quoting <u>Jones v. Blanas</u>, 393 F.3d 918, 932 (9th Cir. 2004)). "Because he is detained under civil—rather than criminal—process, an SVPA detainee is entitled to 'more considerate treatment' than his criminally detained counterparts." <u>Jones</u>, 393 F.3d at 932 (quoting <u>Youngberg v. Romeo</u>, 457 U.S. 307, 321-22 (1982)). "Therefore when a SVPA detainee is confined in conditions identical to, similar to, or more restrictive than, those in which his

////

3

criminal counterparts are held, we presume that the detainee is being subjected to 'punishment.'" Id. (citation omitted).

While confined at Coalinga, plaintiff has allegedly been denied internet access, internet capable electronic devices, personal clothing, and vocational and educational training. ECF No. 7 at 4-5. He also asserts that nutritional supplements have been subject to a blanket denial even though they were previously allowed on an individual basis through a patient's treatment plan, though it is unclear whether plaintiff has been denied such supplements. Id. at 5. He asserts that these conditions are punitive because they are not based upon individualized determinations, prisoners in the custody of the California Department of Corrections and Rehabilitation (CDCR) are allowed these items and programs, and internet access could be limited using firewalls and monitoring software instead of banned outright. Id. at 4-5. Plaintiff has also been subjected to an increasingly restrictive package program that is now like the CDCR's program, and Coalinga's phone system charges for calls—unlike the CDCR's phone system—and does not provide plaintiff with sufficient ability to make and receive confidential calls. Id. at 6. Clendenin and Price are responsible for these conditions because they are the individuals who cut the vocational and educational programs that Coalinga used to offer, have not implemented programs or policies permitting internet access, create and approve the list of contraband property, and are responsible for creating and implementing policies within the DSH and Coalinga. Id. at 3-6, 14-15.

Plaintiff's allegations that defendants Clendenin and Price have subjected him to conditions of confinement that are similar to or more restrictive than those of CDCR prisoners regarding contraband items, the receipt of packages, and the institutional phone system are sufficient to state a claim for violation of the Fourteenth Amendment. Additionally, to the extent that plaintiff is alleging that he has been denied electronic devices that are not internet capable and cannot be modified to be internet capable, he states a cognizable claim.

B. Curative Treatment

"[T]he Fourteenth Amendment Due Process Clause requires states to provide civilly-committed persons with access to mental health treatment that gives them a realistic opportunity to be cured and released." Sharp v. Weston, 233 F.3d 1166, 1172 (9th Cir. 2000) (citing Ohlinger

4

v. Watson, 652 F.2d 775, 778 (9th Cir. 1980)).  However, the decisions of qualified professionals regarding treatment are presumed valid and a professional will only be liable when their decision "is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment." Youngberg v. Romeo, 457 U.S. 307, 323 (1982).

      Plaintiff alleges that defendants Clendenin and Price have failed to provide him with adequate treatment to address his mental disorder, hindering his reasonable expectation to regain his freedom in violation of his Due Process rights.  ECF No. 7 at 7-11, 15-16.  Here, plaintiff describes a slew of shortcomings in his treatment at Coalinga.  Id.  The defendants have closed ancillary groups, turned Coalinga into a "non-forensic facility of just confinement," and have caused a multitude of disruptions in treatment by running an understaffed facility with incomplete treatment teams and no standardized protocols.  Id. at 7-10.  Plaintiff's treatment has stalled due to the lack of opportunities to present his assignments, infrequent meeting of his treatment group, and diminishment of his treatment hours.  Id. at 7-9.  Because the facilitators do not take adequate notes of plaintiff's progress, new facilitators do not know how much progress plaintiff has made and refuse to let plaintiff move forward.  Id. at 9.  Additionally, plaintiff was forced to entirely start over when Coalinga got caught for copyright infringement and started using new books in its program.  Id. at 8.  Plaintiff has not had a psychologist in his unit for about three years, and patients at Coalinga take five years to finish a course that was designed to be completed in eighteen months.  Id. at 9-10.  The treatment program at Coalinga also falls below the recommendations of the Sex Offender Civil Commitment Program Network (SOCCPN), which gathers information from civil commitment programs in nineteen states, and is worse than the sex offender treatment pilot program offered in state prison.  Id. at 7, 9.

      To the extent that plaintiff alleges that his curative treatment has been stalled due to the discrete actions of individual facilitators at Coalinga, this does not state a cognizable claim against any of the named defendants because "there is no respondeat superior liability under section 1983."  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002) (citations omitted).  However, to the extent that plaintiff challenges the mental health treatment program at Coalinga

5

as a whole and the policies created by the defendants, or lack thereof, this states a cognizable claim. Plaintiff describes Coalinga as a chronically understaffed hospital where facilitators do as they wish with no formal guidelines while plaintiff is constantly held back and prevented from advancing. The deficiencies in the mental health treatment that plaintiff has described at length adversely impact plaintiff's opportunity to be cured. His allegations that Coalinga's program does not meet the recommendations of SOCCPN and is worse than the program offered in the state prison sufficiently pleads that it constitutes a substantial departure from the accepted professional standards. Moreover, even if SOCCPN and the state prison do not set the appropriate standard, Coalinga's treatment falls far below its own standards, as plaintiff alleges that patients take five years to complete their program which was designed to take eighteen months. As such, the presumption in favor of professional judgment is overcome and this claim survives screening.

     V.     Failure to State a Claim

          A.     Internet Access and Internet Capable Devices

Although plaintiff's due process claim based upon the denial of devices that are not capable of accessing the internet or being modified for such purpose is cognizable, the denial of internet access and internet capable devices does not support a cognizable claim. These restrictions are set by two regulations: sections 891 and 4350 of title 9 of the California Code of Regulations. Section 891 prohibits non-LPS patients[1] in the custody of state hospitals from having access to the internet while section 4350 prohibits patients in the custody of state hospitals from possessing electronic devises with the capability to connect to a wired or wireless communications network or that can be modified for network communication. Courts have routinely held that these restrictions do not violate the due process rights of SVPA detainees at Coalinga because they are reasonably related to legitimate government interests. See, e.g., Allen

---

[1] "'Non-LPS' means that the placement in or commitment to the facility is pursuant to legal authority other than the Lanterman-Petris-Short (LPS) Act, commencing with Section 5000, of Part 1, Division 5 of the Welfare and Institutions Code)." Cal. Code Regs. tit. 9, § 881(o). The LPS Act "governs involuntary treatment of the mentally ill in California." In re Conservatorship & Estate of George H., 169 Cal. App. 4th 157, 159 (2008).

v. King, 741 F. App'x 463, 464 (9th Cir. 2018) (holding that Coalinga had legitimate interest in preventing illicit activity, such as accessing or sharing child pornography and that "Section 4350's ban on patients' personal possession of wireless-capable electronic devices is reasonably related to [the] legitimate interest in preventing patients from using such devices for illicit purposes."); Telucci v. Withrow, No. 1:16-cv-0025 JLT, 2016 U.S. Dist. LEXIS 66334, at *13-15, 2016 WL 2930629, at *5-6 (E.D. Cal. May 19, 2016) (no cognizable claim for internet access or internet capable devices); Johanneck v. Ahlin, No. 1:18-cv-0051 LJO MJS, 2018 U.S. Dist. LEXIS 28004, at *21, 2018 WL 1014454, at *8 (E.D. Cal. Feb. 21, 2018) (no cognizable claim for internet access); Gould v. Ahlin, No. 1:18-cv-0076 LJO SAB, 2018 U.S. Dist. LEXIS 69817, at *24-29, 2018 WL 1959545, at *9-10 (E.D. Cal. Apr. 25, 2018) (same). Further, to the extent that plaintiff alleges that the denial of internet and internet capable devices has not been individualized to him, this claim appears to be meritless as plaintiff has been determined to be a sexually violent predator and his offense of conviction included using the internet to arrange sex with someone he believed to be a thirteen-year-old boy. Bodnar v. Davis, No. 12-cv-0657 DSF OP, 2013 U.S. Dist. LEXIS 185576, at *2, 6-11, 2014 WL 794575, at *1, 3-4 (C.D. Cal. Feb. 26, 2014).[2]

B. Defendant Newsom

Plaintiff alleges that Newsom has failed in his duties by not providing adequate oversight over the DSH and Coalinga, thus violating his Fourteenth Amendment rights. ECF No. 7 at 16-17. Newsom has purportedly allowed Coalinga to issue blanket denials of property and close vocational and rehabilitative classes, allowed the mental health treatment program to become inadequate, and failed to provide civil detainees in the state hospitals with the same benefits as prisoners and parolees. Id. at 12-14. Plaintiff claims that it is reasonable to conclude that "it would be the Governor's responsibility to know" that the conditions of confinement for civil detainees cannot be punitive and that "Newsom is reasonably expect[ed] to know" that programs offered to prisoners must also be offered to civil detainees. Id. at 12.

---

[2] The docket in Bodnar v. Davis reflects that petitioner in that case and plaintiff in this case are the same person as they are identified by the same patient number.

Plaintiff's allegations against Newsom fail to state a claim for relief because liability may be imposed on supervisory defendants under section 1983 only if the supervisor: (1) personally participated in the deprivation of constitutional rights or directed the violations or (2) "knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Absent personal involvement, "a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation" is necessary to support a supervisor's liability, such as the implementation of "a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (citations omitted). Defendants cannot be held liable for being generally deficient in their supervisory duties. See id.

Plaintiff has not alleged that Newsom was personally involved in any of the alleged violations or directed others to do those things, nor does he claim that Newsom knew of Coalinga's shortcomings. He alleges only that Newsom should have known. For these reasons, plaintiff has not stated any cognizable claims against defendant Newsom.

    C.  Re-Entry Assistance

Plaintiff alleges that Coalinga does not offer SVPA detainees any re-entry assistance when their confinement ends while CDCR prisoners and parolees receive financial assistance, gate money, transitional housing, and work equipment when they are released from prison. ECF No. 7 at 5, 13. Though unclear, it appears that plaintiff is alleging that the failure to provide re-entry assistance renders his confinement more restrictive. Id. However, this claim is not cognizable because once a detainee is released, he is no longer confined or in custody and his post-release conditions have no bearing on the restrictiveness of his confinement.

    D.  Free Exercise

"A person asserting a free exercise claim must show that the government action in question substantially burdens the person's practice of [his] religion. A substantial burden . . . place[s] more than an inconvenience on religious exercise; it must have a tendency to coerce individuals into acting contrary to their religious beliefs or exert substantial pressure on an adherent to modify his behavior and to violate his beliefs." Jones v. Williams, 791 F.3d 1023,

1031-32 (9th Cir. 2015) (internal citations and quotation marks omitted). Free Exercise claims brought by SVPA detainees are properly analyzed under the standard set forth in Turner v. Safley, 482 U.S. 78 (1987). See Kindred v. Bigot, 821 F. App'x 842, 843 (9th Cir. 2020) (district court did not err in applying Turner factors to civil detainee's free exercise claim). A regulation that impinges on constitutional rights "is valid if it is reasonably related to legitimate . . . interests." Turner, 482 U.S. at 89. To determine whether a regulation is reasonable, the court looks at four factors: (1) whether there is "a 'valid, rational connection' between the . . . regulation and the legitimate governmental interest put forward to justify it;" (2) "whether there are alternative means of exercising the right that remain open;" (3) "the impact accommodation of the asserted constitutional right will have;" and (4) "the absence of ready alternatives." Id. at 89-90 (citations omitted).

Plaintiff alleges that Price suspended Protestant church services in March 2020, and that services remain suspended as of March 2023, when he filed the second amended complaint. ECF No. 7 at 11, 16. However, the court notes that the date services were first suspended coincides with the start of the COVID-19 pandemic and the United States Supreme Court has found that "[s]temming the spread of COVID-19 is unquestionably a compelling interest." Roman Cath. Diocese of Brooklyn v. Cuomo, 141 S. Ct. 63, 67 (2020). Though plaintiff alleges the suspension of services continues to this day, making it possible that the government's interest justifying suspension based on COVID-19 may have waned, there are no facts demonstrating that the continued suspension of services was done in the absence of a legitimate government interest. Furthermore, plaintiff fails to allege facts showing that the denial of services substantially burdens his religion. He has not identified the religious significance of attending services or explained how the suspension of services causes him to violate his religious beliefs. Plaintiff therefore fails to state a claim based upon the suspension of religious services.

### E. Evaluations

Plaintiff alleges that defendants have overstated the treatment he is receiving and failed to update his treatment plan, causing the DSH evaluators to form unfavorable opinions and preventing him from receiving fair evaluations. ECF No. 7 at 7, 11.

To the extent that plaintiff is attempting to challenge his continued confinement, he does not state a cognizable claim. Such claims must be brought through a petition for a writ of habeas corpus. See Wilkinson v. Dotson, 544 U.S. 74, 78 (2005) ("[A] prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.' He must seek federal habeas corpus relief (or appropriate state relief) instead." (citations omitted)). A section 1983 claim is barred if success in the action would necessarily demonstrate the invalidity of confinement or its duration. Heck v. Humphrey, 512 U.S. 477, 489 (1994) (unless and until favorable termination of the conviction or sentence, no cause of action under section 1983 exists); Huftile v. Miccio-Fonseca, 410 F.3d 1136, 1140-41 (9th Cir. 2005) (applying Heck to challenges to SVPA commitment proceedings). If plaintiff successfully proves that the evaluations required to commence commitment proceedings were faulty, success will necessarily demonstrate the invalidity of his confinement and the claim is thus barred by Heck. See Huftile, 410 F.3d at 1141 (without two evaluations concluding plaintiff had a mental disorder within the meaning of the SVPA, there would have been no basis for commitment proceedings).

To the extent plaintiff seeks relief with respect to future evaluations, he also fails to state a claim. As a person committed under the SVPA, plaintiff must be reevaluated at least annually, and the report must include consideration of whether he "currently meets the definition of a sexually violent predator and whether conditional release to a less restrictive alternative, pursuant to Section 6608, or an unconditional discharge, pursuant to 6605, is in the best interest of the person and conditions can be imposed that would adequately protect the community." Cal. Welf. & Inst. Code § 6604.9(a), (b). If the DSH has reason to believe the plaintiff is no longer a sexually violent predator, it shall seek judicial review of the commitment. Id. § 6605(c). If the DSH determines that the plaintiff no longer meets the definition of a sexually violent predator or that conditional release is appropriate, it shall authorize him to petition the court for conditional release or unconditional discharge. Id. § 6604.9(d). However, plaintiff may also petition the state court for conditional release without the recommendation of the DSH, and though the court may dismiss a petition without a hearing if it is determined to be frivolous, plaintiff would be entitled to assistance of counsel in any hearings on the petition. Id. § 6608(a).

In light of these procedural protections, claims of deficient post-commitment evaluations have been determined not to rise to the level of a due process violation because plaintiff may obtain release from confinement even without the evaluations provided by the DSH. See Sullivan v. Shein, No. 1:12-cv-0306 GSA, 2014 U.S. Dist. LEXIS 80492, at *6-9, 2014 WL 11774829, at *3 (E.D. Cal. June 11, 2014) (no due process violation for deficient post-commitment evaluations in light of procedures outlined in § 6608), aff'd, 606 F. App'x 410 (9th Cir. 2015); Mouzon v. Ahlin, No. 1:13-cv-0143 GSA, 2014 U.S. Dist. LEXIS 81264, at *4-8, 2014 WL 2700671, at *2-3 (E.D. Cal. June 13, 2014) (same), aff'd, 599 F. App'x 772 (9th Cir. 2015); Jennings v. King, No. 1:15-cv-0840 SAB, 2016 U.S. Dist. LEXIS 6667, at *4-10, 2016 WL 235216, at *2-3 (E.D. Cal. Jan. 20, 2016) (same), aff'd, 672 F. App'x 719 (9th Cir. 2016).

VI.     Leave to Amend

For the reasons set forth above, the court finds that the second amended complaint states Fourteenth Amendment claims for relief against Clendenin and Price based on (1) plaintiff's conditions of confinement other than the denial of internet capable devices and re-entry assistance and (2) the failure to provide curative treatment. The complaint does not state any other cognizable claims. However, it appears that plaintiff may be able to allege facts to remedy this and he will be given the opportunity to amend the complaint if he desires. Plaintiff may proceed forthwith to serve defendants Clendenin and Price on his cognizable claims or he may delay serving any defendant and amend the complaint.

Plaintiff will be required to complete and return the attached notice advising the court how he wishes to proceed. If plaintiff chooses to amend the complaint, he will be given thirty days to file an amended complaint. If plaintiff elects to proceed on his claims against defendants Clendenin and Price without amending the complaint, the court will direct service of the complaint. A decision to go forward without amending the complaint will be considered a voluntarily dismissal without prejudice of all other claims and defendant Newsom.

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must allege in specific terms how each named

11

defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the any prior complaints. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). Once plaintiff files an amended complaint, all prior complaints no longer serve any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

VII.    Plain Language Summary of this Order for a Pro Se Litigant

Your request to proceed in forma pauperis is granted. That means you do not have to pay the filing fee.

Some of the allegations in the complaint state claims against the defendants and some do not. Except to the extent you rely on the denial of internet capable devices and re-entry assistance, your allegations that defendants Clendenin and Price have subjected you to conditions of confinement amounting to punishment state a claim. You have also stated a claim against Clendenin and Price for failing to provide curative treatment at Coalinga. You have not stated any other claims for relief.

To state a claim against Newsom, you must allege facts showing that he was personally involved in the alleged violations, actually knew of the violations and failed to prevent them, or was personally responsible for the policies that caused the violations. To state a claim based on

the suspension of religious services, you must allege facts showing that there is no legitimate government reason for the suspension and explaining how the suspension of services burdens your ability to practice your religion. To the extent you are attempting to challenge your continued confinement, you must do so in a separate habeas petition. Also, even if future evaluations are deficient, they do not violate your due process rights because the state provides a procedure for obtaining release from confinement even without a recommendation from the DSH.

You have a choice to make. You may either (1) proceed immediately on your claims against defendants Clendenin and Price identified above and voluntarily dismiss all other claims and defendant Newsom or (2) try to amend the complaint. If you want to go forward without amending the complaint, you will be voluntarily dismissing without prejudice all other claims and defendant Newsom. If you choose to file a third amended complaint, it must include all the claims you want to bring. Once a third amended complaint is filed, the court will not look at any information in any of your previous complaints. **Any claims and information not in the third amended complaint will not be considered.** You must complete the attached notification showing what you want to do and return it to the court. Once the court receives the notice, it will issue an order telling you what you need to do next (i.e. file an amended complaint or complete paperwork for service).

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is GRANTED.

2. Plaintiff's motion to amend (ECF No. 6) is GRANTED and this case proceeds on the second amended complaint.

3. Plaintiff has stated Fourteenth Amendment claims for relief against defendants Clendenin and Price based on (1) plaintiff's conditions of confinement other than the denial of internet capable devices and re-entry assistance and (2) the failure to provide curative treatment.

4. Plaintiff has the option to proceed immediately on his cognizable claims as set forth in Section IV above, or to amend the complaint.

5. Within fourteen days of service of this order, plaintiff shall complete and return the attached form notifying the court whether he wants to proceed on the screened second amended

13

1  complaint or whether he wants to file a third amended complaint. If plaintiff does not return the
2  form, the court will assume that he is choosing to proceed on the second amended complaint as
3  screened and will recommend dismissal without prejudice of all claims and defendants except for
4  the claims against defendants Clendenin and Price based on (1) plaintiff's conditions of
5  confinement other than the denial of internet capable devices and re-entry assistance and (2) the
6  failure to provide curative treatment.
7  DATED: April 24, 2023

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS BODNAR,<br><br>    Plaintiff,<br><br>  v.<br><br>STEPHANIE CLENDENIN, et al.,<br><br>    Defendants. | No.  2:22-cv-1533 AC P<br><br><br>PLAINTIFF'S NOTICE ON HOW TO PROCEED |

Check one:

\_\_\_\_\_ Plaintiff wants to proceed immediately on his claims against defendants Clendenin and Price based on (1) plaintiff's conditions of confinement other than the denial of internet capable devices and re-entry assistance and (2) the failure to provide curative treatment. without amending the complaint.  Plaintiff understands that by going forward without amending the complaint he is voluntarily dismissing without prejudice all other claims and defendant Newsom pursuant to Federal Rule of Civil Procedure 41(a).

\_\_\_\_\_ Plaintiff wants to amend the complaint.

DATED:_____

                                               Thomas Bodnar
                                               Plaintiff pro se

1