UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS BODNAR, | No. 2:22-cv-1533 AC P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| STEPHANIE CLENDENIN, et al., | |
| Defendants. | |

Plaintiff is a civilly committed individual proceeding pro se and in forma pauperis. The undersigned screened the second amended complaint and gave plaintiff the option to proceed on the complaint as screened or to amend the complaint. ECF No. 8. Plaintiff chose to amend the complaint (ECF No. 9) and proceeded to file a third amended complaint (ECF No. 11). Plaintiff has also moved to transfer or reassign this case. ECF Nos. 15, 17.

I.  Third Amended Complaint

A.  Statutory Screening

The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact."

1

Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss IFP claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

////

B. Allegations

The third amended complaint once again alleges that defendants Clendenin, Director of the Department of State Hospitals (DSH); Price, Executive Director of Coalinga State Hospital (Coalinga); and Newsom, Governor of California, have been violating plaintiff's rights under the First and Fourteenth Amendments since 2018, when he began his confinement at Coalinga as a civil detainee under the Sexually Violent Predator Act (SVPA). ECF No. 11. Specifically, plaintiff claims that Price violated his First Amendment rights when he suspended Protestant church services in March 2020, that Clendenin and Price have violated his Fourteenth Amendment rights by denying him property and services within Coalinga and failing to provide curative treatment, and that Newsom has violated his Fourteenth Amendment rights by failing to provide adequate oversight over DSH and Coalinga and by failing to implement the same rehabilitative programs for civil detainees as those implemented for prisoners. Id. at 3-18. Plaintiff seeks damages and injunctive relief. Id. at 18-19.

C. Claims for Which a Response Will Be Required

i. Conditions of Confinement

"Under the Due Process Clause of the Fourteenth Amendment, an individual detained under civil process . . . cannot be subjected to conditions that amount to punishment." King v. County of Los Angeles, 885 F.3d 548, 556-57 (9th Cir. 2018) (alteration in original) (internal quotation marks omitted) (quoting Jones v. Blanas, 393 F.3d 918, 932 (9th Cir. 2004)). "Because he is detained under civil—rather than criminal—process, an SVPA detainee is entitled to 'more considerate treatment' than his criminally detained counterparts." Jones, 393 F.3d at 932 (quoting Youngberg v. Romeo, 457 U.S. 307, 321-22 (1982)). "Therefore when a SVPA detainee is confined in conditions identical to, similar to, or more restrictive than, those in which his criminal counterparts are held, we presume that the detainee is being subjected to 'punishment.'" Id. (citation omitted).

While confined at Coalinga, plaintiff has allegedly been denied internet access, internet capable electronic devices, personal clothing, vocational and educational training, and nutritional supplements. ECF No. 11 at 4-7, 14. He asserts that these conditions are punitive because they

3

are not based upon individualized determinations, and that prisoners in the custody of the California Department of Corrections and Rehabilitation (CDCR) are allowed these items and programs, including internet access. Id. Plaintiff has also been subjected to an increasingly restrictive package program that is now like the CDCR's program, and Coalinga's phone system charges for calls—unlike the CDCR's phone system—and does not provide plaintiff with sufficient ability to make and receive confidential calls. Id. at 7-8, 14. Defendants are responsible for these conditions because they are the individuals who cut the vocational and educational programs that Coalinga used to offer, have not implemented programs or policies permitting internet access, create and approve the list of contraband property, and are responsible for creating and implementing policies within the DSH and Coalinga. Id. at 3-8, 14-18.

Plaintiff's allegations that defendants have subjected him to conditions of confinement that are similar to or more restrictive than those of CDCR prisoners are sufficient to state a claim for violation of the Fourteenth Amendment.[1]

### ii. Curative Treatment

"[T]he Fourteenth Amendment Due Process Clause requires states to provide civilly-committed persons with access to mental health treatment that gives them a realistic opportunity to be cured and released." Sharp v. Weston, 233 F.3d 1166, 1172 (9th Cir. 2000) (citing Ohlinger v. Watson, 652 F.2d 775, 778 (9th Cir. 1980)). However, the decisions of qualified professionals regarding treatment are presumed valid and a professional will only be civilly liable when their decision "is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment." Youngberg v. Romeo, 457 U.S. 307, 323 (1982).

Alleging a slew of shortcomings in his treatment at Coalinga, plaintiff asserts that defendants have failed to provide him with adequate treatment to address his mental disorder,

---

[1] Although the court previously found that plaintiff did not state a claim for relief based upon the denial of internet access and internet capable devices (ECF No. 8 at 6), plaintiff has pled additional facts demonstrating that prisoners in CDCR custody are permitted such access as a result of recent policy changes (ECF No. 11 at 4-6). Based on these allegations, plaintiff has now stated a cognizable claim for unconstitutional conditions of confinement based on the denial of internet access and internet capable devices.

hindering his reasonable expectation to regain his freedom.  ECF No. 7 at 8-13, 16-18.

To the extent that plaintiff alleges that his curative treatment has been stalled due to the discrete actions of individual facilitators at Coalinga, this does not state a cognizable claim against any of the named defendants because "there is no respondeat superior liability under section 1983." Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002) (citations omitted). However, to the extent that plaintiff challenges the mental health treatment program at Coalinga as a whole and the policies created by the named defendants, or lack thereof, this states a cognizable claim.  Plaintiff describes Coalinga as a chronically understaffed hospital where facilitators do as they wish with no formal guidelines while plaintiff is constantly held back and prevented from advancing.  The deficiencies in the mental health treatment, which plaintiff has described at length, adversely impact plaintiff's opportunity to be cured, and his allegations sufficiently demonstrate that the programming offered constitutes a substantial departure from the accepted professional standards.

iii. Free Exercise

"A person asserting a free exercise claim must show that the government action in question substantially burdens the person's practice of [his] religion.  A substantial burden . . . place[s] more than an inconvenience on religious exercise; it must have a tendency to coerce individuals into acting contrary to their religious beliefs or exert substantial pressure on an adherent to modify his behavior and to violate his beliefs." Jones v. Williams, 791 F.3d 1023, 1031-32 (9th Cir. 2015) (internal citations and quotation marks omitted).  Free Exercise claims brought by SVPA detainees are properly analyzed under the standard set forth in Turner v. Safley, 482 U.S. 78 (1987).  See Kindred v. Bigot, 821 F. App'x 842, 843 (9th Cir. 2020) (district court did not err in applying Turner factors to civil detainee's free exercise claim).

Plaintiff alleges that Price suspended Protestant church services in March 2020 and has not reinstated those services, even though services for other religions have been reinstated.  ECF No. 11 at 13, 17.  These allegations are sufficient to state a claim for relief.

D. Failure to State a Claim

Plaintiff alleges that defendants have overstated the treatment he is receiving and failed to

5

update his treatment plan, causing the DSH evaluators to form unfavorable opinions and preventing him from receiving fair evaluations. ECF No. 11 at 9, 12.

To the extent that plaintiff is attempting to challenge his continued confinement, he does not state a cognizable claim. Such claims must be brought through a petition for a writ of habeas corpus. See Wilkinson v. Dotson, 544 U.S. 74, 78 (2005) ("[A] prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.' He must seek federal habeas corpus relief (or appropriate state relief) instead." (citations omitted)). A section 1983 claim is barred if success in the action would necessarily demonstrate the invalidity of confinement or its duration. Heck v. Humphrey, 512 U.S. 477, 489 (1994) (unless and until favorable termination of the conviction or sentence, no cause of action under section 1983 exists); Huftile v. Miccio-Fonseca, 410 F.3d 1136, 1140-41 (9th Cir. 2005) (applying Heck to challenges to SVPA commitment proceedings). If plaintiff successfully proves that the evaluations required to commence commitment proceedings were faulty, success will necessarily demonstrate the invalidity of his confinement and the claim is thus barred by Heck. See Huftile, 410 F.3d at 1141 (without two evaluations concluding plaintiff had a mental disorder within the meaning of the SVPA, there would have been no basis for commitment proceedings).

To the extent plaintiff seeks relief with respect to future evaluations, he also fails to state a claim. As the court outlined in screening the second amended complaint, California law provides procedural protections in light of which claims of deficient post-commitment evaluations have been determined not to rise to the level of a due process violation, because a plaintiff may obtain release from confinement even without the evaluations provided by the DSH. See Sullivan v. Shein, No. 1:12-cv-0306 GSA, 2014 U.S. Dist. LEXIS 80492, at *6-9, 2014 WL 11774829, at *3 (E.D. Cal. June 11, 2014) (no due process violation for deficient post-commitment evaluations in light of procedures outlined in § 6608), aff'd, 606 F. App'x 410 (9th Cir. 2015); Mouzon v. Ahlin, No. 1:13-cv-0143 GSA, 2014 U.S. Dist. LEXIS 81264, at *4-8, 2014 WL 2700671, at *2-3 (E.D. Cal. June 13, 2014) (same), aff'd, 599 F. App'x 772 (9th Cir. 2015); Jennings v. King, No. 1:15-cv-0840 SAB, 2016 U.S. Dist. LEXIS 6667, at *4-10, 2016 WL 235216, at *2-3 (E.D. Cal. Jan. 20, 2016) (same), aff'd, 672 F. App'x 719 (9th Cir. 2016).

E. <u>No Leave to Amend</u>

You have stated claims for relief against defendants Clendenin, Price, and Newsom based on unconstitutional conditions of confinement, lack of curative treatment, and denial of religious services. However, you have not stated a claim for relief based on the fairness of your past or future evaluations. Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. <u>Cato v. United States</u>, 70 F.3d 1103, 1105-06 (9th Cir. 1995).

The undersigned finds that, as set forth above, the complaint fails to state a claim for relief based upon plaintiff's SVPA evaluations. Plaintiff has already been given an opportunity to amend the complaint and advised what kind of information he needed to provide. Given that plaintiff has added no new facts regarding this claim, it does not appear that further amendment would result in a cognizable claim. As a result, leave to amend this claim further would be futile and it should be dismissed without leave to amend.

II. <u>Motions to Transfer or Reassign Case</u>

Plaintiff has filed two nearly identical motions to transfer or reassign this case on the ground that two other similar cases filed by other detainees around the same time as plaintiff's have already progressed to discovery. ECF No. 15, 17. He seeks transfer or reassignment of this case so that this case can move forward. <u>Id.</u> Since the aim of plaintiff's motions appears to be the advancement of his case, the instant order serves that purpose as the complaint has been found to contain cognizable claims and is being ordered served on defendants. The motions will therefore be denied.

III. <u>Plain Language Summary of this Order for a Pro Se Litigant</u>

To the extent you are attempting to challenge your continued confinement or any future evaluations, you have not stated a claim for relief and it will be recommended that those claims be dismissed. However, the remainder of your allegations against defendant Clendenin, Price, and Newsom are sufficient to state claims for relief and you will be provided with service

7

documents to complete and return to the court.  Once the completed service documents are returned to the court, the United States Marshal will be directed to serve defendants Clendenin, Price, and Newsom.  You should not try to serve the defendants yourself.

## CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motions to transfer or reassign the case (ECF Nos. 15, 17) are DENIED.
2. Service is appropriate for defendants Clendenin, Price, and Newsom.
3. The Clerk of the Court shall send plaintiff three USM-285 forms, one summons, an instruction sheet, and a copy of the third amended complaint (ECF No. 11).
4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:
   a. The completed Notice of Submission of Documents;
   b. One completed summons;
   c. One completed USM-285 form for each of the following defendants: Clendenin, Price, and Newsom; and
   d. Four copies of the endorsed third amended complaint.
5. Plaintiff need not attempt service on defendants and need not request waiver of service.  Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.
6. The Clerk of the Court shall randomly assign a United States District Judge to this action.

IT IS FURTHER RECOMMENDED that plaintiff's due process claims based on his past and future SVPA evaluations be DISMISSED without leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judges Findings

and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 10, 2024

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS BODNAR,<br><br>      Plaintiff,<br><br>  v.<br><br>STEPHANIE CLENDENIN, et al.,<br><br>      Defendants. | No. 2:22-cv-1533 AC P<br><br>NOTICE OF SUBMISSION OF DOCUMENTS |

Plaintiff submits the following documents in compliance with the court's order filed _____:

      1      completed summons form

      3      completed forms USM-285

      4      copies of the complaint

DATED:

                                                                                                            Plaintiff