UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM STEPHENSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>STEPHANIE CLENDENIN, *et al.*,<br><br>　　　　Defendants. | Case No. 2:22-cv-1521-DAD-JDP P |
| THOMAS BODNAR,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>STEPHANIE CLENDENIN, *et al.*,<br><br>　　　　Defendants. | Case No. 2:22-cv-1533-DAD-AC P |
| JOSHUA FORSTER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>STEPHANIE CLENDENIN, *et al.*,<br><br>　　　　Defendants. | <u>ORDER CONSOLIDATING CASES</u> |

Plaintiffs and defendants in the three above captioned cases have moved to consolidate the cases into *Stephenson v. Clendenin*, 2:22-cv-1521-DAD-JDP P, the earliest filed of the three. ECF No. 56.[1] The consolidation request in the proposed lead case was referred to me by the

---

[1] Docket numbers in this order will refer to the docket in 2:22-cv-1521.

1

1   district judge. ECF No. 58. For the reasons stated below, the actions should be consolidated as
2   proposed by the parties.

3         The parties correctly assert that all three actions involve plaintiff patients that have sued
4   defendant Clendenin for due process violations that allegedly occurred at the Department of State
5   Hospitals-Coalinga. ECF No. 56 at 2. They contend that consolidation is appropriate because all
6   three cases involve similar questions of law and fact and plaintiffs in all three cases have retained
7   the same counsel. *Id.* Rule 42(a) of the Federal Rules of Civil Procedure provides a court may
8   consolidate actions that "involve a common question of law or fact." Fed. R. Civ. P. 42(a)(2).
9   Courts should consolidate cases where the interests of judicial convenience outweigh any
10  potential for delay, confusion, or prejudice caused by consolidation. *Southwest Marine, Inc., v.*
11  *Triple A. Mach. Shop, Inc.*, 720 F. Supp. 805, 807 (N.D. Cal. 1989). Here, the factual and legal
12  similarity of the claims and the fact that plaintiff's counsel is consistent across the three cases
13  convinces me that the gains in judicial convenience far outweigh any potential pitfalls in delay or
14  confusion.

15        Accordingly, it is ORDERED that:

16        1.     Case Nos. 2:22-cv-1521-DAD-JDP; 2:22-cv-1533-DAD-AC; and 1:22-cv-
17  1191-KES-CDB ("Related Cases") are CONSOLIDATED for pre-trial purposes, including fact
18  and expert discovery and summary judgment. Case No. 2:22-cv-1521-DAD-JDP is designated as
19  the "master file" and lead case. From the date of this order, all filings in this matter shall be made
20  in the lead case.

21        2.     Plaintiffs will prepare a consolidated complaint for Defendants' review and
22  approval to be filed within 45 days of the court's order. Should the parties be unable to reach
23  agreement on the final consolidated complaint after meeting and conferring, the parties will seek
24  additional guidance from this court.

25        3.     Defendants will not be required to file a pleading in response to the currently
26  operative complaint in *Bodnar v. Clendenin*, Case No. 2:22-cv-1533-DAD-AC, and will instead
27  file a responsive pleading to the consolidated complaint once approved for filing. If a
28  consolidated complaint is not approved for filing, the parties will seek additional guidance from

this court regarding the filing of a responsive pleading to the currently operative complaint in the *Bodnar* case. Once this matter is settled, I will issue an order administratively closing the non-lead cases.

      4.    The Clerk of Court shall file a copy of this order in all three of the above captioned actions.

IT IS SO ORDERED.

Dated:   October 30, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3